FOX ROTHSCHILD LLP
Yann Geron
Nicole N. Santucci (Of Counsel)
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900

*Special Litigation Counsel to Angela G. Tese-Milner,
Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| DANIEL GORDON, | : | Case No. 09-16230 (AJG) |
| Debtor. | : | |

-------------------------------------------------------x

| | | |
|---|---|---|
| ANGELA G. TESE-MILNER, TRUSTEE OF THE ESTATE OF DANIEL GORDON, | : | |
| Plaintiff, | : | |
| -against- | : | Adv. Pro. No. 10-03767 (AJG) |
| DANIEL GORDON, | : | |
| Defendant. | : | |

-------------------------------------------------------x

**AMENDED COMPLAINT OF CHAPTER 7 TRUSTEE SEEKING A JUDGMENT
DENYING THE DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)**

Angela G. Tese-Milner (the "Trustee"), as chapter 7 trustee of the estate of Daniel Gordon (the "Debtor"), the above-captioned debtor, by her special litigation counsel, Fox Rothschild LLP, as and for her complaint (the "Complaint") seeking a judgment denying the Debtor's discharge, alleges, upon information and belief, as follows:

## NATURE OF CASE

1. A discharge of a debtor's debts (which in this case would be in excess of $41 million) is extraordinary relief that should only be afforded to the honest but unfortunate debtor. The Debtor is anything but honest and his discharge should be denied for myriad reasons. The Debtor has, among other things, (i) failed to disclose under oath assets totaling in excess of $3 million, (ii) failed to disclose under oath insider transfers totaling in excess of $3 million, and (iii) made numerous false oaths and accounts in connection with his bankruptcy filings.

2. This adversary proceeding is brought pursuant to (i) 11 U.S.C. § 727 and Rule 7001(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), in order to obtain a judgment denying the Debtor's discharge.

## JURISDICTION

3. This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 157(a) and (b), and 1334(b).

4. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) (E) (J) and (0).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Title 11 of the United States Code (the "Bankruptcy Code") pending in this district.

## PARTIES

6. The Trustee is a member of the panel of private trustees established by the United States Trustee pursuant to 28 U.S.C. § 586. The Trustee maintains offices at Tese & Milner, One Minetta Lane, New York, New York 10012.

7. The Debtor is an individual who, according to his bankruptcy petition, resides at 151 East 85th Street, #10C, New York, New York 10028.

## FACTS COMMON TO ALL CLAIMS

8. On October 19, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

9. Subsequent to the filing of the Debtor's bankruptcy petition, Angela G. Tese-Milner was appointed interim chapter 7 trustee in this case. On December 12, 2009, Ms. Tese-Milner presided over the meeting of creditors in the Debtor's case and, by operation of law, became the permanent trustee of the Debtor's estate. Ms. Tese-Milner is currently serving in that capacity.

10. On November 22, 2009, the Debtor filed his original bankruptcy schedules (collectively, the "Schedules") with this Court and verified the contents of the Schedules under penalty of perjury [DE 22].

11. On November 22, 2009, the Debtor filed his original statement of financial affairs (the "SOFA") with this Court and verified the contents of the SOFA under the penalty of perjury [DE 23].

12. On February 1, 2010, the Debtor filed his amended statement of financial affairs (the "Amended SOFA") with this Court and verified the contents of the Amended SOFA under penalty of perjury [DE 45].

## COUNT I
**(Denial of Discharge for Concealing Property — 11 U.S.C. § 727(a)(2))**

13. The Trustee repeats and re-alleges the allegations contained in each of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

14. At the time the Debtor filed his bankruptcy petition, the Debtor had an outstanding receivable due from AllStar Capital, Inc. ("AllStar"), an insider corporation of the Debtor, totaling at least $2 million (the "AllStar Receivable").

15. The Debtor did not disclose the AllStar Receivable on the Schedules.

16. At the time the Debtor filed his bankruptcy petition, Wurk Times Square LLC owed the Debtor at least $15,000 for various expenses that the Debtor incurred and paid on behalf of Wurk Times Square LLC (the "Wurk Receivable").

17. The Debtor did not disclose the Wurk Receivable on the Schedules.

18. The Debtor's federal tax transcripts from the Internal Revenue Service reflect a tax overpayment of $157,978 owed to the Debtor, for the tax year ended December 31, 2008 (the "Tax Overpayment").

19. The Tax Overpayment is property of the Debtor's estate under §§ 541 and 542 of the Bankruptcy Code.

20. The Debtor did not disclose the Tax Overpayment on his Schedules.

21. At the time the Debtor filed his bankruptcy petition, the Debtor had an outstanding receivable due from David Stack in the amount of $1,000,000 (the "Stack Receivable").

22. The Debtor did not disclose the Stack Receivable on his schedules

23. At the time of the filing of his bankruptcy petition, the Debtor concealed the AllStar Receivable, the Wurk Receivable, the Tax Overpayment and the Stack Receivable with intent to hinder, delay, or defraud his creditors or the Trustee.

24. By reason of the foregoing, the Trustee is entitled to a judgment against the Debtor denying the Debtor's discharge pursuant to Section 727(a)(2) of the Bankruptcy Code.

# COUNT II
## (Denial of Discharge for Transferring Property — 11 U.S.C. § 727(a)(2))

25. The Trustee repeats and re-alleges the allegations contained in each of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

26. On or about October 22, 2008, the Debtor arranged for the transfer of $2 million from his Wachovia Credit Line (no xxxxx7439083) (the "Wachovia Account") for the benefit of AllStar (the "AllStar Transfer").

27. On or about January 24, 2009, the Debtor caused $350,000 to be transferred from the Wachovia Account to Citadel Construction Corp., an insider corporation of the Debtor. On or about January 28, 2009, the Debtor caused $300,000 to be transferred from the Wachovia Account to Citadel Construction (collectively with the $350,000 transfer, the ("Citadel Transfers").

28. On or about February 26, 2009, the Debtor caused $500,000 to be transferred from the Wachovia Account to WURK Times Square, LLC, an insider corporation of the Debtor (the "WURK TS Transfer").

29. According to the Debtor's Amended SOFA, in 2009, the Debtor transferred an additional $1,500,000 to Wurk Environments, LLC, an insider corporation of the Debtor (the "Wurk Environments Transfer").

30. The AllStar Transfer, the Citadel Transfers, the WURK TS Transfer and the Wurk Environments Transfer, respectively, were made within one year of the Petition Date.

31. The AllStar Transfer, the Citadel Transfers, the WURK TS Transfer, and the Wurk Environments Transfer, respectively, were made by Debtor with intent to hinder, delay, or defraud his creditors or the Trustee.

32.     By reason of the foregoing, the Trustee is entitled to a judgment against the Debtor denying the Debtor's discharge pursuant to Section 727(a)(2) of the Bankruptcy Code.

### COUNT IV
**(Denial of Discharge for Knowingly and Fraudulently Making False Oaths in Connection with this Bankruptcy Case — 11 U.S.C. § 727(a)(4)(A))**

33.     The Trustee repeats and re-alleges the allegations contained in each of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

34.     The Debtor knowingly made the following false oaths or accounts in his Bankruptcy Petition, Schedules, and Amended SOFA, and in connection with this bankruptcy case:

a) The Debtor failed to list the following payments to insiders within one year of the Petition Date in response to questions 3 and/or 10 on his Amended SOFA: (i) $350,000 payment to Citadel Construction Corp. on or about January 24, 2009, (ii) $300,000 payment to Citadel Construction on or about January 28, 2009, (iii) $500,000 payment to Wurk Times Square, LLC on or about February 26, 2009, and (iv) $2,000,000 transfer to AllStar on or about October 22, 2008.

b) The Debtor failed list payments made to creditors (other than Laura Gordon) in the 90 day preceding the filing of his petition in response to question 3b on his Amended SOFA, including, but not limited to, payments made to American Express totaling not less than $36,150.68.

c) The Debtor failed to list other income, which may total as much as $480,000, received during the two years immediately preceding the commencement of his case in response to question 2 on his Amended SOFA.

d) The Debtor failed to list the following transfers in response to question 10 on his Amended SOFA: (i) transfers, totaling $49,000, from Debtor's personal Chase bank account to Charles Schwab representing IRA contributions during the period January 2008 through May 2008, and (ii) $25,000 payment to Wachovia Bank on or about May 23, 2008.

e) The Debtor failed to list the following corporations in response to question 18a on his Amended SOFA: Citadel Construction Corp; McCann Construction, LLC; Hilltop Investments LLC; Boulder Heights Owner, LLC; Phoenix Capital Advisors, Inc.; Eastern Energy; King Holdings, LLC; and Cascar LP.

f) The Debtor failed to list his obligation on account of a Chase auto loan on Schedule D of his bankruptcy petition.

g) The Debtor failed to list AllStar Capital, Inc. as a codebtor on Schedule H of his bankruptcy petition in connection with a Signature Bank loan obligation.

h) The Debtor failed to list Wurk Management, Inc. as a codebtor on Schedule H of his bankruptcy petition in connection with the residential lease for the premises located at 455 West 37th Street, Apt. 1111, New York, NY.

i) The Debtor failed to list Rosedale Cooley as a codebtor on Schedule H of his bankruptcy petition in connection with the residential lease for the premises located at 151 East 85th Street, Unit 10C, New York, NY.

j) The Debtor failed to list Citadel Construction as a codebtor on Schedule H of his bankruptcy petition in connection with the Chase auto loan for the 2008 Land Rover.

k) The Debtor failed to list the following lawsuit in response to question 4 on his Amended SOFA: AG/Woo Centre Street Owner, LLC as Counterclaim Plaintiff v. Hanover Insurance Company, Hanover Insurance Group, Daniel L. Gordon, et al. pending under index no. 109319-09 in the Supreme Court of the State of New York, County of New York.

35. By reason of the foregoing, the Trustee is entitled to a judgment against the Debtor denying the Debtor's discharge pursuant to Section 727(a)(4)(A) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

36. The Trustee's investigation into the Debtor's assets and financial affair is on-going. The Trustee anticipates that she will discover additional violations by the Debtor of the various provisions of Section 727(a) of the Bankruptcy Code as well as other claims. Accordingly, the Trustee hereby expressly reserves the right to amend and/or supplement either

the factual bases and/or the relief requested by this Complaint.

      **WHEREFORE,** the Trustee respectfully requests that this Court enter a judgment (i) against Debtor denying his discharge, and (ii) granting the Trustee such other and further relief as is just.

Dated: New York, New York  
      February 15, 2013

FOX ROTHSCHILD LLP  
Special Litigation Counsel to Angela G. Tese-Milner, Chapter 7 Trustee

By:    */s/ Yann Geron*  
Yann Geron  
Nicole N. Santucci (Of Counsel)  
100 Park Avenue, Suite 1500  
New York, New York 10017  
(212) 878-7900

8